28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Henderson HAINES, Defendant-Appellant.
 No. 93-10228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 16, 1994.
Decided July 7, 1994.
 
 1
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 James Henderson Haines appeals his jury conviction for possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). He claims that the district court should have granted his motion to suppress certain evidence seized by apartment house security guards during a search of his apartment at the Carey Arms Apartments. The guards, he asserts, were acting as government agents when they executed the search. He also claims that his post-arrest statements were the fruit of the illegal apartment search, the product of coercion and the result of an involuntary waiver by him of his Miranda rights.
 
 
 4
 We affirm.
 
 A. The Search
 
 5
 The district court found that the Carey Arms security guards did not believe they were working for the government and did not intend to assist the government in an investigation or administrative function when they executed the search. Likewise, it found that the government neither encouraged the search nor knew of the guards' intent to search the apartment. Those findings are not clearly erroneous.
 
 
 6
 Those findings encompass the two critical factors that we consider in deciding whether a private person is a government agent at the time of a search. See United States v. Attson, 900 F.2d 1427, 1432 (9th Cir.), cert. denied, 498 U.S. 961, 111 S.Ct. 393, 112 L.Ed.2d 403 (1990); United States v. Miller, 688 F.2d 652, 657 (9th Cir.1982); United States v. Walther, 652 F.2d 788, 792-93 (9th Cir.1981). Given those findings, we hold that Haines has failed to show government involvement. Therefore, the Fourth Amendment was not violated when the search was conducted. See United States v. Jacobsen, 466 U.S. 109, 113-14, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); Coolidge v. New Hampshire, 403 U.S. 443, 487, 91 S.Ct. 2022, 2048-49, 29 L.Ed.2d 564 (1971).
 
 
 7
 Of course, "once a private search is completed, the subsequent involvement of government agents does not retroactively transform the original intrusion into a governmental search." United States v. Veatch, 674 F.2d 1217, 1222 (9th Cir.1981), cert. denied, 456 U.S. 946, 102 S.Ct. 2013, 72 L.Ed.2d 469 (1982). Moreover, there is no evidence that prior wrongful activity by the guards had been encouraged or acquiesced in by the police. Cf. Walther, 652 F.2d at 792-93. Indeed, the officers and guards involved in the search all testified that there was no express or implied cooperation agreement between the police and the guards.
 
 
 8
 Nor can governmental action be established by the limited involvement of federal and state officials in the financing of Carey Arms. At the time of the search, even though it was in foreclosure and the Department of Housing and Urban Development (HUD) would likely become its new owner, Carey Arms was privately owned and the private parties hired and paid the security company. HUD had no role in the day-to-day operations of the apartments. Similarly, although the City of North Las Vegas did administer the HUD subsidy, it was not involved in the operation of the apartment house.
 
 
 9
 In short, the security guards were hired and paid to protect residents and that was necessarily helpful to the goals of law enforcement. But the common desire of all honest citizens to be rid of criminal depredation does not turn them into police officers. When they protect themselves or hire others to do so neither they nor those they hire metamorphose into agents of the state which is supposed to protect them.
 
 B. Haines' Post-Arrest Statements
 
 10
 Haines was advised of his Fifth Amendment privilege and waived it. A suspect may do so "provided the waiver is made voluntarily, knowingly and intelligently." Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). For the waiver to be voluntary, it must have been "the product of a free and deliberate choice rather than intimidation, coercion, or deception", and to be knowing and intelligent, it must have been made with "a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Colorado v. Spring, 479 U.S. 564, 573, 107 S.Ct. 851, 857, 93 L.Ed.2d 954 (1987) (quotation omitted). "Deception" as used in Spring referred to deceptive statements to induce a waiver of Miranda rights, not deceptive statements about what the police "knew" after the waiver had taken place. Id. at 575-76, 107 S.Ct. at 858.
 
 
 11
 As the district court found, Haines' will was not overborne "by physical violence or other deliberate means." Id. at 574, 107 S.Ct. at 857 (internal quotation omitted). Moreover, for the most part he had already waived his Miranda rights before Agent Fong made misleading statements to him. Agent Fong's misleading statements about what the police knew did not trick him into giving up his Miranda rights. See United States v. Carter, 910 F.2d 1524, 1529 (7th Cir.1990), cert. denied, 499 U.S. 978, 111 S.Ct. 1628, 113 L.Ed.2d 724 (1991); Shedelbower v. Estelle, 885 F.2d 570, 574 (9th Cir.1989), cert. denied, 498 U.S. 1092, 111 S.Ct. 975, 112 L.Ed.2d 1060 (1991). In fact, after waiving those rights he continued to deny that he had the gun. The later deceptions may well have helped to induce him to make a rational decision to admit ownership of a gun. But no case has held that police lies about the evidence they do or do not have are sufficient to render a confession involuntary. See Annotation, Admissibility of Confessions as Affected by Its Inducement Through Artifice, Deception, Trickery or Fraud, 99 A.L.R.2d 772, 777-78 (1965 and Supp.1993); see also, Moran v. Burbine, 475 U.S. 412, 422-24, 106 S.Ct. 1135, 1141-42, 89 L.Ed.2d 410 (1986); Oregon v. Elstad, 470 U.S. 298, 317, 105 S.Ct. 1285, 1297, 84 L.Ed.2d 222 (1985); Frazier v. Cupp, 394 U.S. 731, 739, 89 S.Ct. 1420, 1425, 22 L.Ed.2d 684 (1969); State v. Cayward, 552 So.2d 971, 973 (Fla.Dist.Ct.App.1989), review dismissed, 562 So.2d 347 (Fla.1990); State v. Kelekolio, 849 P.2d 58, 71-73 (Haw.1993); People v. Melock, 599 N.E.2d 941, 953 (Ill.1992). The circumstances of this case do not militate in favor of a different result.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3